# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SPAVLIK, DEBORAH KISH, *Individually and on behalf of others similarly situated*, AND JOHN DOES 1-999,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Civil Action No.: 1:14-cv-05796(RMB)(JS) |

## DECLARATION OF GERALD A. MARKS IN RESPONSE TO *SUA SPONTE* ORDER TO SHOW CAUSE

Pursuant to 28 U.S.C. § 1746, I, **Gerald A. Marks, Esq.,** of full legal age, declare under the penalty of perjury, as follows:

1. I am an attorney licensed to practice in the State of New Jersey, the State of New York, the United States District Court for the District of New Jersey and several other federal District Courts. I am a Partner in the law firm of Marks & Klein, LLP, Counsel for Plaintiffs John Spavlik and Deborah Kish ("Plaintiffs") in the above-referenced matter.

2. This matter arises out of Plaintiffs, former 7-Eleven, Inc. field consultants ("FCs") claims for unpaid wages and overtime. The matter is pled as an individual and putative collective action pursuant to the Fair Labor Standards Act ("FLSA") and an individual and putative class action under the New Jersey Wage and Hour Law, ("NJWHL") N.J.S.A. 34:11-56(a)(1) - 56(a)(30).

3. I make this Declaration in accordance with the Order to Show Cause ("OSC") that was issued *sua sponte* by this Court on January 7, 2015 at the conclusion of the Fed. R. Civ. P. 16 scheduling conference held on that date ("Rule 16 Conference"), pursuant to the November 14, 2014 scheduling order ("November 14, 2014 Order") (Doc. 11) issued by the Honorable Joel Schneider, U.S.M.J.

4. As an initial matter, on behalf of my law firm and the Plaintiffs, sincerest apologies are made to the Court to the extent that any procedural issues have been considered disrespectful of the Court and/or the Defendant's time or resources. As set forth herein, neither Plaintiffs nor the undersigned and my firm ever intended to violate or disregard any provision of the November 14, 2014 Order or otherwise inconvenience the Court or prejudice any party to this action.

5. In connection with the submission of a Rule 26(f) report, Counsel for Defendant 7-Eleven, Inc., Howard Wexler, Esq. did reach out to me by telephone to discuss proposed dates; however, due to my travel schedule in December 2014 and my temporary situation out-of-state, I did not reach back out immediately to Mr. Wexler to discuss the proposed plan.

6. While the discovery plan was apparently not submitted as a "joint" plan, Plaintiffs did participate to the extent that I personally reviewed the proposed plan and accepted the proposed dates selected by Defendant's Counsel.

7. After receiving written correspondence on December 17, 2014 from Mr. Wexler expressing his concerns, I reached out to Mr. Wexler the following day via telephone, offered my apologies for the delay in responding to his initial correspondence, and stated that I agreed with all proposed dates in the proposed joint plan that he had furnished and advised that it should be submitted to the Court.

2

8. Between that date and December 24, 2014, my understanding was that my paralegal had communicated back and forth with Mr. Wexler regarding the final format of the plan, which is confirmed by a December 24, 2014 e-mail from Mr. Wexler on which I was copied.

9. With respect to the January 7, 2015 Rule 16 Conference, Derek Famulari, Esq., an attorney from my office attended on behalf of Plaintiffs. Mr. Famulari is a second year litigation associate and is admitted to practice in both the State of New York and the State of New Jersey. Prior to attending the hearing, Mr. Famulari reviewed both the pleadings (Verified Complaint and Answer) and the joint discovery plan and had also conferred with Evan Goldman, Esq. and Louis D. Tambaro, Esq., two of my firm's other attorneys who, along with me, have been primarily handling this and other 7-Eleven related matters in this Court. Both Mr. Goldman and Mr. Tambaro were engaged in other matters on that date.

10. It is my understanding that, during the hearing, the Court was not satisfied with respect to the response given by Mr. Famulari as to why Plaintiffs have alleged an individual and collective federal FLSA claim as well as individual and class-based New Jersey Wage and Hour Law ("NJWHL") N.J.S.A. 34:11-56(a)(1) - 56(a)(30) claim in this case.

11. While Mr. Famulari was familiar with the legal claims and the Plaintiffs' allegations in the pleadings, perhaps he may have misunderstood the Court's inquiry, having not actually strategized the drafting of, or personally drafted, the pleading.

12. Moreover, Mr. Famulari was not instructed that he should be prepared to have any "binding" discussions regarding the Plaintiffs' claims; however could have reached out to the undersigned, Mr. Goldman or Mr. Tambaro to the extent the Court required a formal position on

any issue. Further, pursuant to paragraph 7 of the order, Plaintiffs have been and remain amenable to the Court's Mediation program pursuant to L. Civ. R. 301.1.

13. Under these circumstances, Mr. Famulari was not in the position to formally "bind" Plaintiffs substantively with respect to a complete resolution of the matter. Procedurally, however, Mr. Famulari had full authority to confirm Plaintiffs' agreement to all proposed scheduling deadlines in the Discovery Plan.

14. The Court having posed specific inquiries to Plaintiffs regarding the nature of the pleading and the causes of action asserted, and understanding the importance of these inquiries, Plaintiffs' position is set forth herein.

15. According to Fed. R. Civ. P. 8(d)(2) *Alternative Statements of a Claim or Defense.* "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Plaintiffs, on their own behalf and on behalf of others similarly situated, have pled the FLSA and NJWHL claims concurrently and in the alternative.

16. When determining whether an employment relationship exists under the FLSA and NJWHL, courts must consider the totality of the circumstances and look to the "economic realities" of the relationship. *Chen v. Domino's Pizza, Inc.,* No. 09-107, 2009 U.S. Dist. LEXIS 96362 at *9-11 (D.N.J. Oct. 16, 2009).

17. Plaintiffs have pled the federal and state cause of action in this alternative regard because: 1) Plaintiffs are entitled to relief under both statutory theories; and (2) the federal FLSA claim provides that putative plaintiffs may "opt-in" in the event of a collective action settlement,

while putative plaintiffs must "opt-out" in the event of a class settlement related to the NJWHL claim.

19. Further, we believe a national class of field consultants exists that have been misclassified and not been paid overtime and other benefits, as well as a class of field consultants limited to the State of New Jersey.

19. With respect to available relief, specifically any administrative or professional exemptions to claims for overtime, we recognize that, while the statutes are extremely similar in many regards, remedies under the FLSA and NJWHL claims may differ, under certain circumstances. *See*, e.g., *Anderson v. Phoenix Health Care, Inc.*, N.J. Super. Unpub. LEXIS 2826 (N.J. App. Div. Nov. 16, 2011)(New Jersey Appellate Division finding that registered nurses exempt from claim under NJWHL professional exception); c.f., *Anani v. CVS Rx Servs.*, 788 F.Supp.2d 55 (E.D.N.Y. 2011) (registered nurses perform exempt duties and question of whether they are, in fact, exempt under FLSA turns on whether they are paid on a "salary basis").

20. Thus, Plaintiffs do not consider it unorthodox to allege an FLSA claim and a NJWHL in the alternative in this factual context and understand that they are permitted to do so under the FRCP. *See* e.g, *Harris v. Scriptfleet Inc.*, 2011 U.S. Dist. LEXIS 139870 (D. N.J. December 6, 2011), *11-13 (denying defendant's motion to dismiss FLSA and NJWHL claims where plaintiff alleged, a medical courier alleged that defendant failed to pay both minimum wage and overtime and noting the similarities between the statutes.)

21. I also submit on behalf of Plaintiffs that the claims for relief are meritorious and thoroughly-pled and Defendants have already filed an Answer. No motion to dismiss or other

5

dispositive motion is pending.  Any sanction of the litigants under these circumstances would not do equity.

22. Further, under the circumstances, on behalf of my firm, we request that the Court view the above explanation and the detailed responses to the Court's questions prior to issuing any order or sanction in any regard.

23. To the extent that the Court has additional questions or concerns, my firm shall make itself readily available to address the same either in person or telephonically, per the Court's instruction.

I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

> /s/ Gerald A. Marks, Esq.
> Gerald A. Marks, Esq.
> 63 Riverside Avenue
> Red Bank, New Jersey 07701
> Tel: 732-747-7100
> Fax: 732-219-0625